UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                              Case No.: 8:16-cr-338-CEH-JSS

LARRY CHANCE COX
_____/

**ORDER**

This matter comes before the Court on the Defendant's *pro se* Emergency Motion for Compassionate Release (Doc. 88). In the motion, Defendant requests compassionate relief pursuant to the First Step Act due to COVID-19 concerns, coupled with his health issues. *Id.* at 1, 3. The Government filed a response in opposition (Doc. 90), and Defendant replied (Docs. 91, 92). The Court, having considered the motion, responses, and being fully advised in the premises, will deny Defendant's Motion for Compassionate Release.

**I.     BACKGROUND**

On December 21, 2016, Defendant, Larry Chance Cox pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Doc. 40. Defendant was sentenced on August 15, 2018, to a term of imprisonment of 87 months followed by three years of supervised release, and other mandatory conditions. Doc. 71. Defendant, who is 42 years old, is currently incarcerated at Jesup FCI in Georgia, and he is scheduled to be released from prison on May 14, 2027. *See* BOP Inmate Locator at https://www.bop.gov/inmateloc/ (last accessed on Nov. 2, 2021).

In his motion, Defendant alleges he suffers from severe sleep apnea, high cholesterol, and "high liver enzymes." Doc. 88 at 4. Defendant further asserts that the staff at FCI Oakdale I is not capable of handling the COVID-19 outbreak, the prison environment is not conducive to social distancing, the facility has limited cleaning supplies, and the facility infection rate is high.[1] *Id.* at 2–3. Lastly, Defendant emphasizes he has taken advantage of rehabilitation opportunities and has a low recidivism rating. *Id.* at 4–5. He requests the Court immediately release him to home confinement.

The Government opposes the motion and indicates that the Bureau of Prisons (BOP) continues to take significant measures to protect the health of the inmates in its charge. Doc. 90 at 2. Specifically, the BOP activated its Pandemic Influenza Plan which addresses "social distancing, hygienic and cleaning protocols, and the quarantining and treatment of symptomatic inmates." *Id.* at 3. The protocols include the modification of operation which requires all inmates to be secured within their assigned quarters for at least 14 days, the suspension of social and legal visits, and tests of all newly admitted inmates for COVID-19 symptoms. *Id.* at 4.

As for Defendant's request to be placed on home confinement, the Government contends that the BOP is solely responsible for determining an inmate's place of incarceration and the district court is without authority to make such placement

---

[1] The Court notes that Defendant is no longer at the Oakdale facility. His current facility, Jesup, has a zero infection rate. *See* https://www.bop.gov/coronavirus/ (last accessed Nov. 2, 2021). Additionally, it has fully vaccinated 1047 inmates and 121 staff members. *See id.*

decisions. The Government further argues the motion should be denied because Defendant fails to exhaust administrative remedies along with failing to provide an extraordinary and compelling reason to permit his early release from prison. *Id.* at 13–17.

## II. LEGAL STANDARD

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). Those limited circumstances are provided under 18 U.S.C. § 3582(c)(1)(A)(i). Effective December 21, 2018, the First Step Act of 2018 amended section 3582(c)(1)(A) by adding a provision that allows prisoners to directly petition a district court for compassionate release. That provision states:

The court may not modify a term of imprisonment once it has been imposed except that—

(1) in any case—

(A) the court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier*, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction; or

3

> > (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>
> (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure. . . .

18 U.S.C. § 3582(c)(1) (italics reflecting amendment under First Step Act). Accordingly, a court may reduce a sentence upon motion of a defendant provided that: (1) the inmate has either exhausted his or her administrative appeal rights of the BOP's failure to bring such a motion on the inmate's behalf or has waited until 30 days after the applicable warden has received such a request; (2) the inmate has established "extraordinary and compelling reasons" for the requested sentence reduction; and (3) the reduction is consistent with the Sentencing Commission's policy statement. *See id.* Courts are to consider the § 3553(a) factors, as applicable, as part of the analysis.[2] *See* §3582(c)(1)(A).

---

[2] These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the

The defendant generally bears the burden of establishing that compassionate release is warranted. *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) (providing that defendant bears the burden of establishing a reduction of sentence is warranted under § 3582(c) due to a retroactive guideline amendment); *United States v. Heromin*, Case No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) (citing *Hamilton* in the context of a § 3582(c) motion for compassionate release).

## III. DISCUSSION

### A. Administrative Exhaustion

Defendant has satisfied administrative exhaustion. Under 18 U.S.C. § 3582(c)(1), a defendant must exhaust administrative remedies with the BOP prior to the filing of a motion for compassionate release. "Section 3582(c)(1)(A) unambiguously provides that a defendant may either move for compassionate release after the defendant has fully exhausted administrative remedies or 'the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.'" *United States v. Smith*, No. 3:97-cr-120-MMH-PDB, 2020 WL 5106694, at *3 (M.D. Fla. Aug. 31, 2020); *see also United States v. Mack*, No. 3:13-cr-206-TJC-MCR, 2020 WL 6044560, at *5–7 (M.D. Fla. Oct. 13, 2020) (finding exhaustion of

---

applicable category of offense committed by the applicable category of defendant as set forth in the guidelines; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

administrative remedies when it was clear that the warden had received defendant's request for compassionate release and that more than 30 days had passed).

Here, Defendant filed a request for compassionate release to his BOP warden on April 6, 2020 and received a denial on April 23, 2020. Doc. 90-1. Because more than 30 days have lapsed since the warden's receipt of Defendant's request, which was denied, Defendant's administrative remedies are considered exhausted, and he may pursue his claims in this Court.

### B.     Request for Home Confinement

Defendant requests this Court release him to home confinement. In general, once a court imposes a sentence, the Bureau of Prisons ("BOP") is solely responsible for determining an inmate's place of incarceration to serve that sentence. *See Tapia v. United States*, 564 U.S. 319, 331 (2011) ("A sentencing court can recommend that the BOP place an offender in a particular facility or program...[b]ut decision making authority rests with the BOP."); 18 U.S.C. §3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment[.]"); *see also McKune v. Lile*, 536 U.S. 24, 39 (2002) (plurality opinion) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise."). Defendant provides no legal authority to support the Court's ability to order home confinement. Thus, his requested relief is due to be denied.

### C.     Extraordinary and Compelling Reason

Defendant argues extraordinary and compelling reasons exist to support a reduction in sentence under the First Step Act. The sentencing guidelines provide that

"extraordinary and compelling reasons exist" for compassionate release when a defendant meets any one of several circumstances. Section 1B1.13 identifies four categories in which extraordinary and compelling circumstances may exist: (1) the defendant's medical condition; (2) the defendant's advanced age (at least 65 years old); (3) family circumstances; and (4) other reasons. *See* U.S.S.G. § 1B1.13, cmt. n. 1(A)-(D). When a defendant meets any one of the categories, the Court may grant compassionate release. *See id.* Defendant is under the age of 65 and does not raise any issues regarding family circumstances, and thus the second and third factors are inapplicable. Rather, Defendant cites to his medical condition and the COVID-19 pandemic as a basis for his motion. Doc. 88 at 1, 4.

     Under the first factor, a defendant's medical condition may provide an extraordinary and compelling reason to support a reduction in sentence when the defendant is: (1) suffering from a terminal illness, i.e., a serious and advanced illness with an end-of-life trajectory; or (2) suffering from a serious physical or medical condition that substantially diminishes his ability to care for himself within the prison environment and from which he is not expected to recover. U.S.S.G. § 1B1.13, cmt. n. 1(A). Stable, controlled medical conditions do not meet the requirements of U.S.S.G. § 1B1.13 as an extraordinary and compelling reason for a prisoner's compassionate release. *See, e.g., United States v. Wedgeworth*, 837 F. App'x 738 at *739–40 (11th Cir. 2020) (affirming lower court's finding of no extraordinary and compelling reason for a defendant suffering from obesity and chronic hypertension because those

7

conditions were not terminal and did not substantially limit the prisoner's ability for self-care).

Here, Defendant complains he suffers from health conditions including severe sleep apnea, high cholesterol, and "high liver enzymes". Doc. 88 at 4. CDC guidelines do not indicate these health conditions pose an increased risk of illness if exposed to COVID-19. Moreover, while Defendant provides limited medical records to support his claim, *see* Doc. 91-4, review of those records reveals Defendant is not suffering from any terminal illness or serious physical or medical condition that substantially diminishes his ability to care for himself within the prison environment. To the contrary, the records reflect his conditions are relatively stable, and he is being monitored and treated for his conditions. Thus, nothing about Defendant's medical condition supports a finding of a compelling and extraordinary reason to warrant a reduction in sentence.

The fourth factor, which has been described as a catch-all provision, provides that, "[a]s determined by the Director of the [BOP], there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13, cmt. n. 1(D). As a preliminary matter, the Court notes that "the mere existence of COVID-19 and the possibility it may spread to a particular prison" is not an extraordinary and compelling reason for compassionate release. *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). Moreover, in accordance with the Eleventh Circuit's opinion in *United States v. Bryant*, 996 F.3d 1243 (11th Cir. 2021), this Court declines to find that the

8

pandemic, coupled with health conditions, constitute an extraordinary and compelling reason under the catchall "other" reasons category. *Id.* at 1263–65 (holding that the language "[a]s determined by the Director of Bureau of Prisons" contained within the catch-all provision precludes district courts from finding extraordinary and compelling reasons beyond those specified by the Sentencing Commission in Section 1B1.13).

### D.    Section 3553(a) Factors

Even if Defendant was able to establish an extraordinary and compelling reason, the Court must make a finding that Defendant would not be a danger to the safety of any person or the community and that consideration of the Section 3553(a) factors counsel in favor of release. *See* USSG § 1B1.13(2). The Court has considered the Section 3553(a) factors and determined that they do not weigh in favor of a reduction in sentence or compassionate release, particularly where Defendant has served only a fraction of his 87-month sentence, thereby failing to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense.

Accordingly, it is hereby

**ORDERED**:

1.    Defendant's Emergency Motion for Compassionate Release (Doc. 88) is **DENIED**.

2.    The Clerk is directed to mail a copy of this Order to Defendant at FCI Jesup, 2600 Highway 301 South, Jesup, Georgia 31599.

**DONE AND ORDERED** in Tampa, Florida on November 2, 2021.

_____
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any

10